UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 18-cv-20886-CIV-WILLIAMS/Torres

DIVA GRACIELA GALLARDO,

    Plaintiff,

v.

ENRIQUE UBARRI,
LILLIANA TORRES,

    Defendants.
_____/

# DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, ENRIQUE UBARRI (hereinafter referred to as "Defendant Ubarri") and LILIANA TORRES (hereinafter referred to as "Defendant Torres") (collectively referred to as "Defendants") serve and file their Answer, Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint and respectfully state as follows:

    1.    In response to paragraph 1, Defendants admit that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act, 29 U.S.C. §§201-216 and deny that Plaintiff is entitled to any of the relief requested.

    2.    In response to paragraph 2, Defendants are without knowledge or information concerning said allegations and thus, deny same.

3. In response to paragraph 3, Defendant Ubarri denies the allegations contained in said paragraph except admits that he resides in Miami-Dade County, Florida.

4. In response to paragraph 4, Defendant, Torres denies the allegations contained in said paragraph except admits that she resides in Miami-Dade County, Florida.

5. In response to paragraph 5, Defendants deny knowledge or information concerning the allegations contained in said paragraph and thus, deny same.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION

6. The allegation contained in paragraph 6 of the First Amended Complaint states a legal conclusion that requires neither an admission nor a denial. To the extent a response is required, Defendants deny the allegations contained in paragraph 6.

7. In response to paragraph 7, Defendants admit the allegations contained in said paragraph for jurisdictional purposes only and deny same for any other purpose.

8. The allegations contained in paragraph 8 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 8.

9. In response to paragraph 9, Defendants deny the allegations contained in said paragraph.

10. The allegation contained in paragraph 10 of the First Amended Complaint states a legal conclusion that requires neither an admission nor a denial. To the extent a response is required, Defendants deny the allegations contained in paragraph 10.

11. The allegation contained in paragraph 11 of the First Amended Complaint states a legal conclusion that requires neither an admission nor a denial. To the extent a response is required, Defendants deny the allegations contained in paragraph 11.

12. In response to paragraph 12, Defendants deny the allegations contained in said paragraph.

13. The allegation contained in paragraph 13 of the First Amended Complaint states a legal conclusion that requires neither an admission nor a denial. To the extent a response is required, Defendants deny the allegations contained in paragraph 13

14. In response to the paragraph 14, Defendants deny the allegations contained in said paragraph.

15. In response to the paragraph 15, Defendants deny the allegations contained in said paragraph.

16. In response to the paragraph 16, Defendants deny the allegations contained in said paragraph.

17. In response to the paragraph 17, Defendants deny the allegations contained in said paragraph.

18. In response to the WHEREFORE clause following paragraph 17 of the First Amended Complaint, Defendants deny that Plaintiff is entitled to any relief.

19. In response to the italicized phrase "The Plaintiff requests a trial by jury" which is the last sentence of the WHEREFORE clause following paragraph 17, Defendants aver that Plaintiff has demanded a trial by jury on all issues so triable.

## COUNT II. FLORIDA MINIMUM WAGE VIOLATION

20. In response to the unnumbered paragraph beginning with the phrase "COMES NOW" below the heading "Count II. Florida Minimum Wage Violation," Defendants readopt the answers contained in paragraph 1-17 above.

21. The allegations contained in paragraph 18 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 18.

22. The allegations contained in paragraph 19 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 19.

23. The allegations contained in paragraph 20 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 20 and further state that undersigned counsel accepted service on their behalf as indicated by the Waiver of Summons filed with the Court [DE 7, 8 and 9]

24. In response to paragraph 21, Defendants deny knowledge or information concerning said allegations and thus, deny same.

25. In response to paragraph 22, Defendants deny the allegations contained in said paragraph except admit that undersigned counsel sent a letter via e-mail addressed to Neil Tobak, Esq. dated March 8, 2018 authorizing service of the Complaint [DE 1] a copy of which was included in the correspondence addressed and sent directly to the named Defendants prior to retention of undersigned counsel.

26. The allegations contained in paragraph 23 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 23.

27. The allegations contained in paragraph 24 of the First Amended Complaint state legal conclusions that require neither an admission nor a denial. To the extent that a response is required, Defendants deny the allegations contained in paragraph 24.

28. In response to paragraph 25, Defendants deny the allegations contained in said paragraph.

29. In response to paragraph 26, Defendants deny the allegations contained in said paragraph.

30. In response to paragraph 27, Defendants deny the allegations contained in said paragraph.

31. In response to paragraph 28, Defendants deny the allegations contained in said paragraph.

32. In response to the WHEREFORE clause following paragraph 28 of the First Amended Complaint, Defendants deny that Plaintiff is entitled to any relief.

33. In response to the italicized phrase "The Plaintiff requests a trial by jury" which is the last sentence of the WHEREFORE clause following paragraph 28, Defendants aver that Plaintiff has demanded a trial by jury on all issues so triable.

34. Each and every allegation not specifically admitted herein is denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff, at all times during her employment with Defendants was a live-in nanny subject to the overtime exemptions of the FLSA.

2. Plaintiff was not hired to perform housekeeping tasks and was not responsible for such tasks because the Defendants had an employee responsible for housekeeping.

3. Plaintiff was terminated from employment because Defendants (parents of minor children) discovered that Plaintiff was hitting their minor children (assault and battery of minors).

4. To the extent that Plaintiff may have worked with or without the actual or constructive knowledge of Defendants, Plaintiff is not entitled to any compensation for any such hours worked.

5. Plaintiff was properly compensated for all the work she performed.

6. Plaintiff had a considerable amount of unrestricted free time during which she performed no work for Defendants and as such, this time is not compensable.

7. Plaintiff cannot establish a willful violation of the FLSA.

8. Defendants acted in good faith and with reasonable grounds to believe that they were not in violation of the FLSA.

9. Plaintiff's claims are *de minimus*. The claims for *de minimus* amounts are not subject to payment and do not constitute a violation of the FLSA.

10. Should Plaintiff establish that she is entitled to liquidated damages, she is not entitled to pre-judgment interest.

11. Defendants reserve the right to assert additional defenses as they arise during the course of this litigation.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to the claims set forth in Plaintiff's First Amended Complaint, award them attorney's fees and costs in the defense of this action and any other relief that this Court deems just and proper.

Dated: March 28, 2018

Respectfully submitted,

   s/Ena T. Diaz
Ena T. Diaz
Florida Bar No. 0090999
Ena T. Diaz, P.A.
*Attorneys for Defendants*
999 Ponce De Leon Blvd.
Suite 720
Coral Gables, Florida 33134
Ph.     305-377-8828
Fax    305-356-1311
ediaz@enadiazlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed Defendants' Answer Defenses and Affirmative Defenses to Plaintiff's First Amended Complaint with the Clerk of Court by using the CM/ECF system which will in turn send a notice of electronic filing to counsel for Plaintiff, Rivkah F. Jaff, Esq., (rivkah.jaff@gmail.com), J.H. Zidell, P.A., 300-71st Street, Suite 605, Miami Beach, FL  33141, this 28th day of March 2018.

   s/Ena T. Diaz
ENA T. DIAZ, P.A.