UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20886-CIV-KMW/EGT

DIVA GRACIELA GALLARDO,         )
                                )
        Plaintiff,              )
    vs.                         )
                                )
ENRIQUE UBARRI,                 )
LILLIANA TORRES,                )
                                )
        Defendants.             )
_____)

**NOTICE OF HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE EDWIN G. TORRES**

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE EDWIN G. TORRES, at the James Lawrence King Federal Justice Building, 99 NE 4th Street, 10th Floor - Courtroom 5, Miami, FL 33132, on June 29, 2017, at 2:30 p.m.

**Motion to Compel Defendants' Depositions and for Sanctions.**

1.  Per the Court's Scheduling Order [DE20], the deadline for the Parties to file motion to amend pleadings or join Parties is May 28, 2018. Per said Order [DE20], the Parties shall complete all discovery, including expert discovery, by October 19, 2018.

2.  On April 18, 2018, Plaintiff issued the Notice of Taking Defendants' Depositions on the mutually agreed to dates of May 16, 2018, and May 17, 2018.[1]

3.  Thereafter, on May 4, 2018, at the request of Defendants, Plaintiff served the First

---

[1] Defendants' requested that each individual Defendant be set on a different day and Plaintiff obliged.

Re-Notice of Defendants' Depositions, switching the order of the deponents, to occur on the same dates of May 16, 2018, and May 17, 2018. *See,* Rule 30(b)(1)("a party who wants to depose a person by oral question must given reasonable written notice to ever other party.").

4. On May 15, 2018, the day prior to the mutually agreed to Defendants' depositions, Defendants advised that they would not be able to attend their depositions due to a conflict. Despite Plaintiff's conferral efforts, Defendants have refused to elaborate on the what the "conflict" is, especially in light of the fact that Defendants' depositions were set on a mutually agreed to date and time, approximately one (1) month in advance of the depositions.

5. Defendants have refused to appear for their depositions and have provided alternative dates for the depositions to be set at the end of the month of May, 2018. The Parties have not yet agreed to alternative dates.

6. Subsequent to Defendants' depositions, Plaintiff may find it necessary to amend the pleading and/or add parties to the instant action.

7. Plaintiff has implored Defendants to agree to any date to occur prior to the amendment deadline of May 28, 2018, so that there is no prejudice to Plaintiff in the event that the depositions necessitate an amendment. Plaintiff has willingly agreed to cooperate with Defendants and to reschedule Defendants' depositions to occur on a mutually agreed to alternative date so long as same occurs prior to the amendment deadline; Defendants are refusing to cooperate.

8. Plaintiff has filed a Motion for Extension of Time requesting the deadline to amend and join parties be extended, and same is fully briefed and pending before the Court.

9. Plaintiff has advised that the Court may not rule on the instant Motion prior to the

amendment deadline and that the Court may not necessarily grant the requested relief. Plaintiff has advised that Plaintiff intends to have the Court Reporter issue a Certificate of Non-Appearance (CNA) and will be seeking to compel fees and costs in relation to Defendants' non-appearance. Defendants have not filed a Motion for Protective Order and same has not been granted; regardless, the filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *See, Discovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991). *See,* Exhibit "A."

10. Defendants failed to appear as noticed which resulted in wasted fees related to preparation and costs related to a translator and Court Reporter. Certificate of Non-Appearances (CNAs) were issued. *See,* Exhibit "B."

11. As such, Plaintiff moves to compel the deposition of Defendants to occur on or before May 28, 2018 (the deadline to amend and join Parties) or for the deadline to be extended to amend and join parties and for Defendants' to appear prior to the new deadline for same.

12. "Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice" and provides that "[n]o prior court order is required for Rule 37(d) sanctions." *United States v. One Lot of U.S. Currency Totalling $506,537.00*, 628 F. Supp. 1473, 1476 (S.D. Fla. 1986) (alterations in original). Rule 37(d)(3) also makes clear that the imposition of reasonable

fees and costs are mandatory unless the failure to appear was substantially justified or other circumstances make an award unjust.

13. Plaintiff seeks all fees and costs related to the instant Hearing, the Court Reporter, translator, and all related work. *See,* Rule 37(a)(4)(A).

**Plaintiff's Motion for Protective Order.**

A. Plaintiff was set to be deposed on May 31, 2018, to occur after Defendants' depositions as agreed to by the Parties.

B. As set forth above, in the eleventh hour, Defendants cancelled their mutually agreed to depositions and failed to appear as properly noticed.

C. Defendants have refused to cooperate in timely re-setting Defendants' depositions and insist on proceeding with Plaintiff's deposition despite the fact that Plaintiff is agreeing to appear on a different date after Defendants have been deposed as per the Parties' agreement that Defendants be deposed first.

D. The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[2]

E. Plaintiff has demonstrated good cause for the Court to issue a Protective Order.

---

[2] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

Defendants intentionally cancelled Defendants' depositions so that they could have the opportunity to depose Plaintiff first and their bad-faith litigation tactics should not be condoned.

F.  Plaintiff seeks all fees and costs related to the instant Hearing and all related work.

### CERTIFICATE OF CONFERRAL

Plaintiff will continue to confer with Defense counsel to resolve this matter and will advise the Court should the Parties be able to resolve the dispute absent Court intervention.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
           Rivkah F. Jaff, Esquire
           Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 5/17/17 TO:**

**ENA TERESA DIAZ, ESQ.**
**ENA T. DIAZ, P.A.**
**999 PONCE DE LEON BLVD., SUITE 720**
**CORAL GABLES, FL 33134**
**PH: 305-377-8828**
**FAX: 305-356-1311**
**EMAIL: EDIAZ@ENADIAZLAW.COM**

**BY:__/s/____Rivkah F. Jaff_____**
     **RIVKAH F. JAFF, ESQ.**