UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20886-CIV-KMW/EGT

DIVA GRACIELA GALLARDO,   )
                         )
       Plaintiff,        )
   vs.                   )
                         )
ENRIQUE UBARRI,          )
LILLIANA TORRES,         )
                         )
       Defendants.       )
_____)

**PLAINTIFF'S SECOND AMENDED NOTICE OF HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE EDWIN G. TORRES**

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE EDWIN G. TORRES, at the James Lawrence King Federal Justice Building, 99 NE 4th Street, 10th Floor - Courtroom 5, Miami, FL 33132, on June 29, 2017, at 2:30 p.m.

**Motion to Compel Defendants' Depositions and for Sanctions.**

1. Per the Court's Scheduling Order [DE20], the deadline for the Parties to file motion to amend pleadings or join Parties is May 28, 2018. Per said Order [DE20], the Parties shall complete all discovery, including expert discovery, by October 19, 2018.

2. On April 18, 2018, Plaintiff issued the Notice of Taking Defendants' Depositions on the mutually agreed to dates of May 16, 2018, and May 17, 2018.[1]

3. Thereafter, on May 4, 2018, at the request of Defendants, Plaintiff served the First

---

[1] Defendants' requested that each individual Defendant be set on a different day and Plaintiff obliged.

Re-Notice of Defendants' Depositions, switching the order of the deponents, to occur on the same dates of May 16, 2018, and May 17, 2018. *See,* Rule 30(b)(1)("a party who wants to depose a person by oral question must given reasonable written notice to ever other party.").

4. On May 15, 2018, the day prior to the mutually agreed to Defendants' depositions, Defendants advised that they would not be able to attend their depositions due to a conflict. Despite Plaintiff's conferral efforts, Defendants have refused to elaborate on the what the "conflict" is, especially in light of the fact that Defendants' depositions were set on a mutually agreed to date and time, approximately one (1) month in advance of the depositions.

5. Defendants have refused to appear for their depositions and have provided alternative dates for the depositions to be set at the end of the month of May, 2018. The Parties have not yet agreed to alternative dates.

6. Subsequent to Defendants' depositions, Plaintiff may find it necessary to amend the pleading and/or add parties to the instant action.

7. Plaintiff implored Defendants to agree to any date to occur prior to the amendment deadline of May 28, 2018, so that there is no prejudice to Plaintiff in the event that the depositions necessitate an amendment. Plaintiff has willingly agreed to cooperate with Defendants and to reschedule Defendants' depositions to occur on a mutually agreed to alternative date so long as same occurs prior to the amendment deadline; Defendants are refusing to cooperate.

8. Plaintiff filed a Motion for Extension of Time requesting the deadline to amend and join parties be extended.

9. Plaintiff advised that the Court may not rule on the instant Motion prior to the

amendment deadline and that the Court may not necessarily grant the requested relief.

10. Defendants failed to appear as noticed which resulted in wasted fees related to preparation and costs related to a translator and Court Reporter. Certificate of Non-Appearances (CNAs) were issued. *See, Discovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991).

11. "Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice" and provides that "[n]o prior court order is required for Rule 37(d) sanctions." *United States v. One Lot of U.S. Currency Totalling $506,537.00*, 628 F. Supp. 1473, 1476 (S.D. Fla. 1986) (alterations in original). Rule 37(d)(3) also makes clear that the imposition of reasonable fees and costs are mandatory unless the failure to appear was substantially justified or other circumstances make an award unjust.

12. Plaintiff seeks all fees and costs related to the instant Hearing, the Court Reporter, translator, and all related work. *See,* Rule 37(a)(4)(A). The Parties have reset the depositions to occur on a mutually agreeable date and time and, therefore, the Court need not address Plaintiff's Motion to Compel and/pr Motion for Protective Order as the Parties have resolved said issues.

**<u>Plaintiff's Motion to Compel Better Responses to Plaintiff's Initial Discovery.</u>**

**Plaintiff's First Set of Interrogatories Directed Towards Each Defendant:**

Interrogatory #1 - Defendants have failed to provide their Social Security Number, address, and/or phone number. This information is relevant so that Plaintiff may do her own independent

investigation as to Defendants, which can be used for impeachment purposes or otherwise. Defendants have stated that they have no criminal history however, Plaintiff is not required to accept Defendants and is entitled to her own investigation of same to verify this.

Interrogatory #7 - This response is inconsistent with Defendants' pleading [DE17] wherein Defendants state that "Defendants had an employee responsible for housekeeping." It is ambiguous as to whether Defendants are contending that Plaintiff was an independent contractor or are stipulating that Plaintiff was an "employee" as that term is defined by the FLSA.

Interrogatory #11 - This request goes directly to Plaintiff's working conditions, proximity to children's rooms (especially in light of the fact that the Complaint contains the sleep time provision). Defendants are required to make a reasonable effort to obtain this information; a response is not sufficient because Defendants do not reside there they do not know – they need to make a reasonable effort to obtain same.

Interrogatory #13 - This response is incomplete as the request seeks dates, times, and specific content. Plaintiff is requesting Defendants amend to specifically set forth when they viewed the US department of Labor website and what was reviewed. If Defendants do not have any additional information then they need to specify.

Interrogatory #14 – Defendants have agreed to amend and disclose a response as it relates to criminal proceedings related to truthfulness.

**Plaintiff's Request for Production Directed Towards Each Defendant**:

Requests for Production #1-5, #68-73 – Plaintiff seeks to compel financial documents and the underlying documents relevant to same (i.e. tax returns, etc.). *See, Chavez v. Arancedo,* Case No.: 17-20003-CIV-EGT [DE47] 'Order on Plaintiff's Motion to Compel'.

Requests for Production #13,17,18 20, 38 - These responses are different than Defendants' Answer and Affirmative Defenses [DE17].

Request for Production #15 - Income reporting documents regarding the Plaintiff are directly relevant to the case ( i.e. documents verifying what plaintiff was paid and how was classified, etc.).

Request for Production #19 - This response is incomplete as it also requests any document(s) which depicts policies, practices, etc.. of minimum wage compensation.

Request for Production #47 - No documents have been produced, referring to a website is not covered under the rules as a substitute for producing documents.

<u>Requests for Production #48-50</u> – These Requests are directly related to Plaintiff's working conditions, proximity to Defendants' children's room, which is relevant in light of the sleep time provision alleged in the instant action.

<u>Request for Production #65</u> – Defendants are required to provide a privilege log or must withdraw these objections and make it clear that they are not withholding any responsive documents to the instant Request. The way in which Defendants have responded it is unclear whether they are responding and withholding documents. If defendants assert attorney client privilege, a privilege log must be provided. None has been provided to date.

**<u>Motion to Quash Defendant's Subpoena to Third-Party Witness</u>**

1. On June 7, 2018, Defendants served Plaintiff with a Notice of Serving Subpoena *Duces Tecum* Without Deposition directed towards T-Mobile US, Inc.

2. Plaintiff conferred with Defendants and advised that the subpoena is overbroad, not limited to the relevant time period claimed in the operative complaint, vague and demands documents that are largely irrelevant i.e. billing records, call logs, and requested that said subpoena be withdrawn and/or limited.

3. Defendants responded that they had no intention of withdrawing or amending the Subpoena to limit the time period or documents requested.

4. Therefore, Plaintiff is requesting to Quash or, in the alternative, for a Protective Order of the Subpoena *Duces Tecum* issued by Defendants on June 7, 2018, directed towards T-Mobile US, Inc.

### **CERTIFICATE OF CONFERRAL**

Plaintiff will continue to confer with Defense counsel to resolve this matter and will advise the Court should the Parties be able to resolve the dispute absent Court intervention.

            Respectfully submitted,

            J. H. ZIDELL, P.A.
            ATTORNEYS FOR PLAINTIFF

                                                         300-71ST STREET, SUITE 605
                                                         MIAMI BEACH, FLORIDA 33141
                                                         305-865-6766
                                                         305-865-7167

                                                         By:_s/ Neil Tobak, Esq. ___
                                                             Neil Tobak, Esquire
                                                             Florida Bar No.: 093940

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 6/12/18 TO:**

**ENA TERESA DIAZ, ESQ.**
**ENA T. DIAZ, P.A.**
**999 PONCE DE LEON BLVD., SUITE 720**
**CORAL GABLES, FL 33134**
**PH: 305-377-8828**
**FAX: 305-356-1311**
**EMAIL: EDIAZ@ENADIAZLAW.COM**

  **BY:__/s/____Neil Tobak_____**
           **NEIL TOBAK, ESQ.**