UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-cv-20886-CIV-WILLIAMS/TORRES

DIVA GRACIELA GALLARDO,

    Plaintiff,

v.

ENRIQUE UBARRI, LILLIANA TORRES,

    Defendants.
_____/

**DEFENDANTS' NOTICE OF DISCOVERY HEARING**

    Defendants, ENRIQUE UBARRI and LILLIANA TORRES, by and through undersigned counsel, and pursuant to the Order Setting Discovery Procedures of the United States Magistrate Judge Edwin G. Torres, hereby file their Notice of Discovery Hearing scheduled on Friday, November 9, at 1:30 p.m., before the Honorable Edwin G. Torres, at the Lawrence King Federal Justice Building, 99 N.E. 4th Street, Tenth Floor, Courtroom 5, Miami, FL 33132, and respectfully state as follows:

**Substance of Discovery Matters to be Heard**

    1. Plaintiff failed to provide a complete response to Request for Production No. 1 of Defendants' Third Request for Production. The insufficient production of documents was prefaced with a list of eight "General Objections" and a list of objections to Request for Production No. 1, which are form objections and most of which do not even pertain to the nature of the request made. *See* Exhibit A (Defendants' Third Request for Production) and Exhibit B (Plaintiff's Response to Defendants' Third Request for Production).

    2. Request for Production No. 1 of Defendants' Third Request for Production is as follows: Provide a download of Plaintiff's Google Search History from December 2014 through February 2018. *See* Exhibit A.

3. Plaintiff's insufficient responses were produced on September 12, 2018.  A total of sixty-one (61) pages of Google Search History was produced for a period of employment covering December 2014 through February 2018.  *See* Exhibit C.

4. Upon completing review of the documents produced, undersigned counsel sent a conferral e-mail on September 26, 2018 advising counsel for Plaintiff that the responsive documents were insufficient.  *See* Exhibit D.

5. On October 5, 2018, counsel for Plaintiff responded to counsel for Defendants' conferral e-mail with the following request: "Please advise as [sic] what specific documents Defendants believe are missing…"  *See* Exhibit D.   It is apparent from this request that counsel for Plaintiff did not know what was produced in response to a request for production seeking information for a specific time period, December 2014 through February 2018.  *See* Exhibits A and D.  Yet, Plaintiff's Response to Defendants' Third Request for Production asserted that the relevant time period is from December 10, 2014 through November 20, 2015 and on or about August 8, 2016 through on or about February 16, 2018.  *See* Exhibit B.  As set forth in paragraph 6 of this Notice, Plaintiff failed to produce what she asserted in her response as the "relevant" time period.

6. On that same day (October 5), undersigned counsel provided the specific dates that were missing from Plaintiff's insufficient production.  *See* Exhibit D.  Undersigned counsel identified the missing records as follows:

> December 2014; All of 2015; January through November 29, 2016; January 1, 2017 – February 20, 2017; Feb. 22 to March 22; March 24, 2017 through May 24, 2017; May 26, 2017 to July 20, 2017; July 23, 2017; July 25, 2017 to August 7, 2017; August 9-11 2017; August 13-24, 2017; August 26-31, 2017; September 2 to September 23, 2017; September 25 to October 1; October 3-7, 2017; October 9 – 20, 2017; October 29, 2017; November 18-19, 2017; November 24, 25, 2017; December 13-23, 2017; December 25, 2017.

> *See* Exhibit D.

7. Ten days later, that is, on October 15, 2018, counsel for Plaintiff sent in an e-mail a Dropbox link with what counsel for Plaintiff described as "supplemental responsive documents" to Request for Production No. 1 of Defendants' Third Request for Production.  *See* Exhibit E.[1] Along with the "supplemental production" Plaintiff produced an Affidavit dated October 11, 2018, which purports to be her alleged attempts to obtain the Google Search History.  *See* Exhibit G. Notably, in paragraph 10 of Plaintiff's Affidavit dated October 11, 2018, Plaintiff states in pertinent part, "…I cannot even remember the full email account name as it only show [sic] ****@hotmail.com.  I was unable to use this option." *See* Exhibit G.  This is the third time during the course of discovery that Plaintiff claims she cannot recall her Hotmail e-mail account.[2]  This is false as evidenced by her own previous sworn Responses to Interrogatories.  On *July 16, 2018*, in Response to Interrogatory No. 22 of her Second Amended Responses and Objections to Defendants' First Set of Interrogatories Per the Court's Ruling at the Discovery Hearing, Plaintiff identified her Hotmail account.  *See* Exhibit J.  When responding to recent discovery requests to obtain information concerning how much time she may have spent not working because she was using her cell phone, posting on Facebook, accessing applications or surfing the web, Plaintiff cannot recall her Hotmail account.  *See* Exhibits G, H, and I.

8. The additional records produced on October 15, 2018, over a month from the deadline to produce the responsive documents are also insufficient. *See* Exhibit F.  These records only cover sporadic days in November 2016 and the year of 2017.  *See* Exhibit F.  Further, the records produced do not show the "Details."  *See* Exhibit F.  The "details" would provide the length of

---

[1] In an e-mail dated November 1, 2018, counsel for Plaintiff sent the Dropbox link of the "supplemental" production to this Honorable Court.  *See* Exhibit F.
[2] In Plaintiff's Affidavit dated August 9, 2018, which was submitted in response to Defendants' discovery hearing on Plaintiff's insufficient production of her Facebook account activity, Plaintiff also claimed that she could not remember the full e-mail account name of her Hotmail.com e-mail account.  *See* Exhibit H, ¶10.  The third time this misrepresentation was made was in an e-mail from counsel for Plaintiff, Ms. Rivkah Jaff on September 18, 2018 in response to the Court's Order arising from the September 14, 2018 discovery hearing.  *See* Exhibit I (without attachments).

3

time that the user, in this case, the Plaintiff, was on a particular website or application.  This information is relevant to a claim for unpaid minimum wages brought pursuant to the Fair Labor Standards Act.  Throughout discovery, including the issue before the Court, Plaintiff has failed to produce evidence, such as her complete cell phone records, Facebook Account data and now, her Google Search records, to prevent Defendants from challenging her exaggerated claims that she worked 144 hours on certain weeks and 96 hours on other weeks.  This is the third discovery hearing set by Defendants to obtain complete information to adequately defend themselves of the allegations brought by Plaintiff.

**Certificate of Good Faith**

On September 26, 2018, counsel for Defendants contacted counsel for Plaintiff via e-mail concerning the deficiency of the discovery response referenced in paragraph 1 above.  The parties exchanged e-mails on September 27, October 3, and October 5 concerning the deficient responses.  A copy of this e-mail exchange is attached to this Notice as Exhibit D. The parties have been unable to reach an agreement as to any of the discovery issues outlined above.

Dated: November 2, 2018

                             Respectfully submitted,

                                   s/Ena T. Diaz
                             Ena T. Diaz
                             Fla. Bar No. 0090999
                             ENA T. DIAZ, P.A.
                             *Attorney for Defendants*
                             999 Ponce De Leon Blvd. – Ste 720
                             Coral Gables, FL 33134
                             Tel.:  (305) 377-8828
                             Fax:  (305) 356-1311
                             ediaz@enadiazlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the Defendants' Notice of Discovery Hearing (Case No. 18-cv-20886) was filed via the CM/ECF system which will in turn submit a Notice of Electronic Filing to counsel for Plaintiff, J.H. Zidell, Esq. ([zabogado@aol.com](mailto:zabogado@aol.com)), Rivkah F. Jaff, Esq. ([rivkah.jaff@gmail.com](mailto:rivkah.jaff@gmail.com)), and Neil Tobak, Esq. ([ntobak.zidellpa@gmail.com](mailto:ntobak.zidellpa@gmail.com)), J.H. Zidell, P.A., 300-71st Street, Suite 605, Miami Beach, FL 33141, on this 2nd day of November 2018.

                                                           s/Ena T. Diaz
                                                           Ena T. Diaz