UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 18-cv-20886-Williams/Torres

DIVA GRACIELA GALLARDO,

     Plaintiff,

v.

ENRIQUE UBARRI,
LILLIANA TORRES,

     Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO SEAL [DE50-7, [DE50-8], AND [DE50-10]
FORTHWITH AND TO STRIKE ALL ATTACHMENTS TO [DE50]**

Defendants, ENRIQUE UBARRI and LILLIANA TORRES, by and through their undersigned counsel, and pursuant to S.D. Local Rule 7.1, hereby file their *Response in Opposition to Plaintiff's Motion to Seal [DE50-7], [DE50-8], and [DE50-10] Forthwith and to Strike All Attachments to [DE50].*   In support of Defendants' Response in Opposition, Defendants respectfully state as follows:

1.     None of the documents identified as DE 50-7, DE-50-8 and DE 50-10 contain a Social Security Number, which is what counsel for Plaintiff suggests to this Court by citing the section pertaining to social security numbers contained in Fed. R. Civ. P. 5.2(a).   DE 50-7, the Affidavit of Graciela Gallardo dated October 11, 2018, and DE 50-8, the Affidavit of Graciela Gallardo dated August 9, 2018, do not contain any of the personal information listed in Fed. R. Civ. P. 5.2(a).  Thus, there is no basis for Plaintiff to request that DE 50-7 and/or DE 50-8 be filed under seal.

2.     DE 50-10, which is Plaintiff's Second Amended Responses and Objections to Defendants' First Set of Interrogatories Per the Court's Ruling at the Discovery Hearing, was inadvertently filed with Plaintiff's date of birth (month, day and year), as this information was embedded in the second paragraph of a lengthy response to Interrogatory No. 22.[1]  As to DE 50-10, counsel for Defendants does not have any objection to sealing this document.  Had counsel for Plaintiff made a reasonable effort to confer as required by the local rules, she would have learned of counsel for Defendants' position _prior_ to filing her Motion [DE 51], as discussed more fully below in paragraphs 3, 4 and 5.

3.     Pursuant to S.D. Fla. Local Rule 7.1(a)(3), counsel for the movant shall confer or make reasonable effort to confer with opposing counsel.   Imposing a thirty-minute deadline to respond before filing a motion does _not_ constitute a reasonable effort to confer with opposing counsel.  Counsel for Plaintiff left a voice mail message at undersigned counsel's office on Friday, November 2, 2018 at 3:33 p.m.  In her message, counsel for Plaintiff states that if she did not hear back from undersigned counsel by 4:00 p.m. on the same day that she intended to file a motion seeking the Court's relief.

4.     Ms. Rivkah Jaff, counsel for Plaintiff, did not give counsel for Defendants an opportunity to correct the inadvertent filing of DE 50-10.[2]  In an e-mail at 3:32 p.m., on Friday, Nov. 2, 2018, counsel for Plaintiff informed counsel for Defendants that DE 50-10 contained "personal information" and requested that it be "stricken" and filed under seal.  Notably, there is no mention of DE 50-7 and DE 50-8 in counsel for Plaintiff's e-mail.  Nevertheless, DE 50-7 and DE 50-8 were included in Plaintiff's Motion [DE 51] and by citing the language of Fed. R. Civ. P.

---

[1] Fed. R. Civ. P. 5.2(a)(2)("…a party or nonparty making the filing may include only: the year of the individual's birth").
[2] Defendants' Motion to Seal Docket Entry 50-10 is being filed contemporaneously with this Motion.

5.2(a) pertaining to social security numbers, Plaintiff suggests to the Court that these documents [DE 50-7 and DE 50-8] contain Plaintiff's social security number.   As stated above, DE 50-7 and DE 50-8 do not contain Plaintiff's social security number or any personal information.  One minute later, that is at 3:33 p.m., Ms. Rivkah Jaff, counsel for Plaintiff, left a voice mail message at counsel for Defendants' office stating that she would be filing a motion seeking the Court's relief by 4:00 p.m.

5.     Undersigned counsel left the office on Friday, November 2, 2018, at approximately 2:40 p.m. to go to a scheduled doctor's appointment at 3:30 p.m.  Undersigned counsel was at her doctor's appointment until 4:30 p.m.   Undersigned counsel read the e-mails sent by counsel for Plaintiff and listened to her voice mail message *after* 4:30 p.m.

6.     Counsel for Plaintiff also seeks to strike the other documents referenced in Defendants' Notice of Hearing [DE 50].  None of the other documents attached to the Defendants' Notice of Hearing [DE 50] contain any of Plaintiff's personal information.

7.     On October 5, 2018, when undersigned counsel's office obtained discovery hearing dates, Mr. Andy Beaulieu, Law Clerk to U.S. Magistrate Judge Edwin G. Torres, explained that Judge Torres had revised his discovery procedures and the Court would issue an initial notice of the date of the hearing.  [DE 46].   Undersigned counsel further understood that Mr. Beaulieu instructed undersigned counsel to file the Notice of Hearing and submit an e-mail to the Judge by Monday, November 5.   Undersigned counsel filed the Notice of Hearing with exhibits, as these documents are referenced in the Notice, and explain to the Judge the grounds for the hearing. Undersigned counsel's office also e-mailed Judge Torres the Notice of Hearing that was filed with the Court along with the supporting documents, which were referenced in the Notice.  Nothing in Judge Torres' Order Setting Discovery Procedures prohibits the parties from filing exhibits to a

Notice of a Hearing.  Undersigned counsel believes that she has complied with the Court's procedures.

WHEREFORE, based upon the foregoing, Defendants request that this Honorable Court deny Plaintiff's Motion to Strike All Attachments to Defendants' Notice of Hearing and further deny Plaintiff's Motion to Seal DE 50-7 and DE 50-8 as these documents do <u>not</u> contain any personal information.

DATED this 2nd day of November 2018.

Respectfully submitted,


            s/Ena T. Diaz
Ena T. Diaz
Florida Bar No. 0090999
ENA T. DIAZ, P.A.
*Attorney for the Defendants*
999 Ponce De Leon Blvd. – Ste 720
Coral Gables, FL 33134
Tel.:  (305) 377-8828
Fax.: (305) 356-1311
ediaz@enadiazlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed *Defendants' Response to Plaintiff's Motion to Seal [DE50-7], [DE50-8], and [DE50-10] Forthwith and to Strike All Attachments to [DE50]* (Case No. 18-cv-20886-KMW) with the Clerk of Court by using the CM/ECF system which will in turn submit a Notice of Electronic Filing to counsel for Plaintiff, J.H. Zidell, Esq. (zabogado@aol.com), Rivkah F. Jaff, Esq. (rivkah.jaff@gmail.com), and Neil Tobak, Esq. (ntobak.zidellpa@gmail.com), J.H. Zidell, P.A., 300-71st Street, Suite 605, Miami Beach, FL 33141, on this 2nd day of November 2018.

            s/Ena T. Diaz
Ena T. Diaz